**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY ALBERT JIMENEZ,

Plaintiff - Appellant,

v.

FRANK CARHUNAGAN and SANDRA
L. LA FON, substituted for EL LA FON,

Defendants - Appellees.

No. 08-55420

D.C. No. 2:03-cv-05374-DDP-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Anthony Albert Jimenez, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument and denies Jimenez's request for oral argument. *See* Fed. R.
App. P. 34(a)(2).

exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal based on the failure to exhaust and review for clear error its factual findings. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007). We affirm.

As a preliminary matter, we reject Appellees' contention that we lack jurisdiction because Jimenez's notice of appeal was untimely. *See Solis v. County of Los Angeles*, 514 F.3d 946, 951 (9th Cir. 2008) (explaining timeliness of appeal where judgment was not set forth on separate document as required by Fed. R. Civ. P. 58(a)); *see also* Fed. R. App. P. 4(a)(7).

The district court properly dismissed the action because Jimenez did not properly exhaust the prison grievance process prior to filing suit. *See Woodford v. Ngo,* 548 U.S. 81, 93-95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also Booth v. Churner*, 532 U.S. 731, 734 (2001) (inmate seeking only money damages must complete any prison administrative process capable of addressing inmate's complaint and providing some form of relief, even if the process does not provide for the recovery of monetary relief). We construe the dismissal of Jimenez's claims to be without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th

Cir. 2003) (dismissals for failure to exhaust administrative remedies are without prejudice).

We do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**